UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AHMAD HAYWARD,

    Petitioner,

v.                                                 Case No: 2:17-cv-307-SPC-NPM

SECRETARY, DOC and
FLORIDA ATTORNEY
GENERAL,

    Respondents.
_____/

## OPINION AND ORDER[1]

Before the Court are Petitioner Ahmad Hayward's Motion for Relief from Judgment (Doc. 40) and Amended Motion for Relief from Judgment (Doc. 41). Hayward seeks relief from the Court's Order Denying Petition for Writ of Habeas Corpus (Doc. 38). He argues the Court "mistakenly determined that Petitioner chose to plead guilty without the benefit of a plea agreement" because the Sentencing Score Sheet prepared in the underlying criminal case induced Hayward's plea of nolo contendere. (Doc. 41 at 1-2).

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Federal Rule of Civil Procedure 60(b)(1) allows the Court to "relieve a party or its legal representative from a final judgment, order, or proceeding for…(1) mistake, inadvertence, surprise, or excusable neglect[.]" Rule 60 relief is not appropriate here because the Court did not make a mistake. The relevant part of the Order states,

> The events surrounding the entry of Petitioner's plea, and his subsequent sentence, have given rise to this Petition for Writ of Habeas Corpus. In the Florida state criminal courts, the overwhelming majority of defendants enter guilty, or nolo contendere, pleas pursuant to plea agreements that include an agreed upon sentence. In those cases, defendants are informed of the terms of the sentence they will receive from the judge before they agree to enter a plea, and the trial judge simply imposes the sentence that was agreed upon in advance by the state and defendant. However, in some situations -- typically when the state and defendant are unable to agree in advance upon a sentence -- defendants choose to plead guilty without the benefit of a plea agreement. In those situations, the defendants do not know in advance what sentence they will receive, and they take the risk that the judge will impose a sentence with which they do not agree, including the possibility of a maximum sentence. In the Florida state courts this is called an "open plea." Here, Petitioner decided to enter an "open plea" and he received a maximum sentence of fifteen years.

This is a correct characterization of Hayward's plea of nolo contendere. Hayward contends the Sentencing Score Sheet prepared in his case induced him to enter a plea. But merely being aware of the sentencing range does not transform an open plea into a plea agreement.

What is more, even if the Court's characterization of Hayward's plea as an "open plea" was incorrect, Hayward would not be entitled to relief.

2

Hayward claims the Court's Order is contrary to *Santobello v. New York*, 404 U.S. 257 (1971) and *McCarthy v. United States*, 394 U.S. 459 (1969). But neither case helps him. *Santobello* "held that a defendant may not be bound to a plea agreement following a prosecutorial breach of an enforceable provision of [a plea] agreement." *Kernan v. Cuero*, 138 S. Ct. 4, 8 (2017). Hayward did not identify any unkept promise. The trial court gave him a sentence—15 years imprisonment—that was within the Score Sheet's range. The *McCarthy* court held that before accepting a guilty plea, a trial court must inform the defendant of his rights and determine whether he understands the action he is taking. 394 U.S. at 472. The trial court did so here. In fact, the Court's Order included an excerpt of the trial court advising Hayward that he could receive a 15-year sentence before accepting his plea.

For these reasons, Hayward is not entitled to Rule 60(b) relief.

Accordingly, it is now **ORDERED:**

Petitioner Ahmad Hayward's Motion for Relief from Judgment (Doc. 40) and Amended Motion for Relief from Judgment (Doc. 41) are **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on February 3, 2021.

*SHERI POLSTER CHAPPELL*
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record